**Gurdip SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 03–71760.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2005.\*\*

Decided Feb. 16, 2005.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Alison Marie Igoe, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, SILER,\*\*\* and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*\*\*

Gurdip Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order denying his application for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252 and we grant the petition.

The BIA's determination that Singh was not credible was not supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The three grounds identified by the BIA as a basis for the adverse credibility determination were minor and do not go to the heart of Singh's claim. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

We remand this matter to the BIA for further proceedings to determine whether,

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Singh also seeks relief under the United Nations Convention Against Torture. We lack jurisdiction to review this claim because Singh did not raise it before the BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir. 1999).

accepting Singh's testimony as credible, he is eligible for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**